IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
WALLACE ROBERTSON              :
AND MARY JANE ROBERTSON        :
                               :   CIVIL ACTION
                               :
                  Plaintiffs,  :   NO. 14-CV-1641
                               :
      v.                       :
                               :
KENNETH R. BARNES, II, AND     :
G&C INDUSTRIES INC.            :
                               :
                  Defendants.  :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                    **AUGUST 5, 2014**

Before the Court are Defendant Kenneth R. Barnes, II's
Motion to Dismiss Pursuant to 12(b)(5) (Doc. No. 8), Plaintiffs'
Response in opposition thereto (Doc. No. 12), and Plaintiffs'
Motion for Service by Alternative Means and For An Extension of
Time To Effect Service on Defendant (Doc. No. 9). For the reasons
outlined herein, the Court hereby DENIES without prejudice
Defendant's Motion to Dismiss and GRANTS Plaintiffs' Motion for
Service by Alternative Means.

**I.   BACKGROUND**

The current dispute between the parties arises from
Plaintiffs' attempts to serve process on one of the two
Defendants in this case, Kenneth R. Barnes, II. While Mr. Barnes'

counsel has moved for dismissal of all claims against him based on insufficiency of process, see (Doc. No. 8), Plaintiffs request leave of the Court to serve Mr. Barnes by alternative means and an extension of time in which to effectuate such alternative service. See (Doc. No. 9).

On March 20, 2014, Plaintiffs filed their complaint. (Doc. No. 1). Plaintiffs recount their efforts to serve Mr. Barnes in a sworn affidavit by Plaintiffs' counsel. (Doc. No. 9, Ex. 1). On March 23, Plaintiffs sent requests for waiver of service to two addresses obtained for Mr. Barnes. The first, 367 Old Bethlehem Road, Quakertown, PA 18951 appeared on the police report of the motor vehicle at issue in the present case. The second, 1020 Spur Road, Souderton, PA 18964 was returned by a driver's license search on Lexis Nexis. These mailings were returned, unable to forward, to Plaintiffs on April 3rd. On April 24, when Defendant G&C Industries ("G&C") filed its Answer (Doc. No. 5), Plaintiffs' counsel was informed by counsel for G&C that he could not locate Mr. Barnes and was undertaking efforts to do so. As of June, counsel for G&C has been unable to locate Mr. Barnes, and has not provided Plaintiffs' counsel with information regarding Mr. Barnes' whereabouts.

On June 16, Plaintiffs performed a people search in Lexis, which returned thirteen addresses for Mr. Barnes, none of which had corresponding dates later than 2012. (Doc. No. 9, Ex. 1-A).

Plaintiffs then searched criminal and traffic dockets for area counties and found six traffic dockets naming Sellersville, PA 18960 as Mr. Barnes' address. Id. Ex. 1-B. These dockets were all from 2013. Plaintiffs ordered a skip trace search from LawServe,LLC. The result of this search was that Mr. Barnes resides as 405 Diamond St., Sellersville, PA 18960. Id. Ex. 1-C. Plaintiffs requested that LawServe serve Mr. Barnes at 405 Diamond St.

In the meantime, Plaintiffs contacted three different private investigation firms to find one that could do a search based on Mr. Barnes' commercial drivers' license. One of the firms found a Class B license for Mr. Barnes, listing 405 Diamond St. as his address. Id. Ex. 1-D.

On June 18, 2014, a process server employed by LawServe went to 405 Diamond St., Sellersville, PA 18960. Diana Thompkinson answered the door and identified herself as Mr. Barnes' aunt. She stated that Mr. Barnes did live at 405 Diamond St.

LawServe's process server provided Ms. Thompkinson with a Complaint and Summons and provided an Affidavit of Service to Plaintiffs. Id. Ex. 1-E. However, Plaintiff's counsel subsequently noticed an administrative error in the summons: it did not bear the signature and seal of the Clerk of Court. Plaintiffs provided LawServe with a corrected summons bearing the requisite seal and signature of the Clerk and requested that Mr.

3

Barnes be served again.

On June 27, a LawServe process server arrived at 405 Diamond St. and spoke with Ms. Thompkinson. This time, Ms. Thompkinson refused to accept service for Mr. Barnes and represented that he no longer lived at that address. She also refused to provide a new address for Mr. Barnes. Id. Ex. 2.

Plaintiffs requested LawServe to attempt to serve Mr. Barnes at the same address again. A process server attempted service on the afternoon of July 3rd, during lunchtime on July 5th, and during the afternoon of Sunday, July 6th. They were unable to effectuate service. Id.

On July 9th, Plaintiffs requested LawServe to complete a full investigative report on Mr. Barnes, including requesting information from the United States Postal Service ("USPS") pursuant to right-to-know laws and a search of voter registration records. On July 16, Plaintiffs were informed of the results of this investigation: Mr. Barnes is not registered to vote in Bucks County, PA, and the USPS reported that there was "no change of address on file" for Mr. Barnes from his previous 405 Diamond St. address.

Counsel for Defendant G&C also represents to the Court that he has engaged in multiple attempts to contact Mr. Barnes. (Doc. No. 8 at 3-4). These attempts include sending regular mail correspondence to 367 Old Bethlehem Road, Quakertown Pennsylvania

18951; 1020 Spur Road, Souderton, Pennsylvania 18964; 206 Spring House Lane, Telford, Pennsylvania 18969; and, recently, 405 Diamond St., Sellersville, PA 18960. Additionally, counsel made numerous attempts to contact Mr. Barnes at two known telephone numbers, including (267)-424-4665, most recently on July 10, 2014. Id.

On July 18, 2014, 120 days passed since the filing of the Complaint in this action.

## II.  ANALYSIS

The Court will first address Plaintiffs' Motion for Alternative Service, analyzing in turn Plaintiffs' request for additional time to serve Mr. Barnes and then Plaintiffs' proposed service by publication. The Court will then address Defendants' Motion to Dismiss pursuant to insufficient service.

### A.    Time Limit for Service

A summons and complaint must be served on a defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c); 4 (m). If a defendant is not served within the requisite 120-day time limit, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. However, if the plaintiff shows good cause for the failure to serve within the time limit, "the court must extend the time for service for an appropriate period." Id. Even absent

5

a showing of good cause, a court has discretion to extend the time for service. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

The Third Circuit has cited approvingly to the following factors which a court may consider in determining whether good cause exists: (1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve. MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)(citing United States v. Nuttall, 122 F.R.D. 163, 166-7 (D. Del. 1988)); U.S. ex rel Thomas v. Siemens AG, 708 F. Supp. 2d 505, 518 (E.D. Pa. 2010). Good cause is similar to the concept of "excusable neglect," which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specific in the rules." MCI Telecommunications Corp., 71 F.3d at 1097 (citing Petrucelli, 46 F.3d at 1312). Thus, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id.

The Court finds that Plaintiffs have shown good cause for their failure to serve Mr. Barnes within the 120-day time period. The first factor weighs in favor of granting an extension due to Plaintiffs' various efforts to determine Mr. Barnes' location and address. Plaintiffs' retention of a private investigative service

as well as process-serving company, combined with various internet searches and contact with USPS and Mr. Barnes' aunt, in addition to three attempts to serve process at the abode where Ms. Barnes' aunt acknowledged that Mr. Barnes resided as recently as June 18th, is sufficient to satisfy the Court that Plaintiffs' noncompliance with the 120-day limit is excusable. Plaintiffs' efforts demonstrate an ongoing good-faith effort to locate and serve Mr. Barnes. The fact that his own counsel is unable to locate Mr. Barnes further buttresses the reasonableness of Plaintiffs' non-compliance with the deadline. Turning to the second factor, Mr. Barnes will not be prejudiced by the lack of timely service. It is possible that Mr. Barnes has already received notice of the present action, through service of the complaint and defective summons on his aunt on June 18, 2014, at 405 Diamond Street; a sixty-day extension will not alter his current position in this litigation. As to the third factor, Plaintiffs have moved for an enlargement of time to serve before the expiration of the 120-day period, which also weighs in favor of granting an extension.

Because Plaintiffs have demonstrated good cause for their noncompliance with the time period set forth in Rule 4(m), the Court must grant Plaintiff's request for a sixty-day enlargement of time to accomplish service on Defendant Kenneth R. Barnes, II.

**B.   Alternative Service**

A valid summons must, among other requirements, be signed by the clerk of the court and bear the court's seal. Fed. R. Civ. P. 4(a)(1). Because the summons served on Ms. Thompkinson on June 18, 2014, did not bear the court's seal, service was not properly effectuated on Mr. Barnes on June 18th. Thereafter, Ms. Thompkinson refused to accept service for Mr. Barnes and stated that he no longer resided at her address. Plaintiffs move the Court to permit Plaintiffs to serve Mr. Barnes by publication.

Pursuant to Federal Rule of Civil Procedure 4(e), an individual may be served within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e). In Pennsylvania,

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).

Plaintiffs have provided the requisite affidavit required by Pa. R. Civ. P. 430(a). See (Doc. No. 9, Ex. 1), which requests the Court to authorize service by publication.

8

A plaintiff requesting alternative service must meet three conditions: (1) the plaintiff must make a good faith effort to locate the defendant; (2) the plaintiff must show that he or she has made practical efforts to serve the defendant under the circumstances; and (3) the plaintiff's proposed alternative means of service "must be reasonably calculated to provide the defendant with notice of the proceedings against him." Morgan Truck Body, LLC v. Integrated Logistics Solutions, LLC, 07-1225, 2008 WL 746827 at *6 (E.D. Pa. Mar. 20, 2008)(internal citation omitted). "Service of process by publication is an extraordinary measure and great pains should be taken to ensure that the defendant will receive actual notice of the action against him." Fusco v. Hill Financial Sav. Ass'n, 453 Pa. Super. 216, 221-22 (Pa. Super. 1996).

A note accompanying Pa. R. Civ. P. 430 provides illustrations of good faith efforts to locate a defendant. See Barbosa v. Dana Capital Grp., Inc., 73 Fed. R. Serv. 3d 34, *5 (E.D. Pa. 2009). These include "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records." Pa. R. Civ. P. 430- Note.

Plaintiffs here have made good faith efforts to locate the defendant. They have made inquiries with USPS as to Mr. Barnes' location; asked a relative that Mr. Barnes previously resided with, Ms. Thompkinson, where Mr. Barnes currently lives; and completed searches of Lexis, traffic dockets in Philadelphia and surrounding counties, voter registration records, as well as retained firms to perform a skip trace and motor vehicle search for Mr. Barnes' commercial driving license. Plaintiffs have employed numerous methods sanctioned by Pennsylvania courts to locate Mr. Barnes. See Calabro v. Leiner, 464 F.Supp. 2d 470, 472 (E.D. Pa. 2006). Plaintiffs have acted in good faith.

Plaintiffs have also made practical efforts to serve Mr. Barnes under the circumstances. "Courts in this district have held that nine attempts to serve are sufficient, but have found three attempts insufficient where two of the attempts occurred on the same day of the week and two of the attempts were made at the same time of day." Barbosa, 73 Fed. R. Serv. at *6 (internal citations omitted). Plaintiffs here sent four copies of a waiver of service to Mr. Barnes at two different addresses; attempted to work with Mr. Barnes' counsel to locate him; and, after serving an insufficient summons on Ms. Thompkinson, attempted to correct their error by sending a process server four more times, each on different days and at different times, to 405 Diamond Street. Given that multiple sources pointed to  405 Diamond St.,

Sellersville, PA 18960 as Mr. Barnes' most current address, the Court finds that it was reasonable for Plaintiffs to attempt service there, especially given that Ms. Thompkinson at first confirmed that Mr. Barnes did reside with her at that address. These practical efforts are sufficient.

Lastly, the Court finds that Plaintiffs' method of service is reasonably calculated to provide Mr. Barnes with notice. For service of process by publication,

> . . . the publication shall be by advertising a notice of the action once in the legal publication, if any, designated by the court for the publication of legal notices and in one newspaper of general circulation within the county. . . .

Pa. R. Civ. P. 430(b)(1).

Service by publication is permitted "only where the court is convinced that the published notice is placed where it is most likely to be seen by the defendant. A showing that the method of service requested is calculated to notify the defendant of the action is an essential component of any supporting affidavit." Barbosa, 73 Fed. R. Serv. at *7 (internal citation omitted). Publication must be made in the county of the incident and the county of the defendant's last known address. Id. (internal citations omitted).

Plaintiffs propose to publish notice in four newspapers in two different counties. In Montgomery County, Pennsylvania, where the incident in question occurred, Plaintiffs propose to publish

in the *Montgomery County Law Reporter* as well as the *Times Herald*, a newspaper of general circulation in that county. Under the local rules, the Reporter is the legal periodical for the publication of all notices in Montgomery County. Montg. Co. R. Civ. P. 430(b)(1). In Bucks County, the county of Mr. Barnes' last known address at 405 Diamond Street, Plaintiffs propose to publish notice in the *Bucks County Law Reporter* and the *Bucks County Courier Times*, a newspaper of general circulation there. Likewise, under the Bucks County local rules, the Reporter is the appropriate periodical in which to publish notice. Bucks County Local R. Civ. P. 285. The Court finds these proposed methods of publication, which include publication in both the county of the incident and county of the last known address of Mr. Barnes, to be reasonably calculated to give him notice.

### C.   Motion to Dismiss for Insufficient Service of Process

Defendant moves to dismiss the claims against Defendant Kenneth R. Barnes, II, because no proof of service was ever filed with the Clerk of the Court.

Because the Court has granted Plaintiffs an extension of time to effectuate service and has authorized service by means of publication, the Court will deny Defendant's Motion without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs'
Motion for Service by Alternative Means and For an Extension of
Time to Effect Service on Defendant Kenneth R. Barnes, II, and
DENIES without prejudice, with leave to refile, Defendant Barnes'
Motion to Dismiss.